PER CURIAM:
Claimant brought this action for vehicle damage which occurred when her j Dodge Caravan struck a hole while she was traveling on W. Va. Route 105 in Weirton, Hancock County. W. Va. Route 105 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred around 9:00 p.m. on March 31, 2004, a rainy evening. W. Va. Route 105 is a two-lane highway with a turn lane in the middle at the area of the incident involved in this claim. Claimant’s daughter, Jackelyn Golden, was chiving her mother’s vehicle on W. Va. Route 105 when her mother, who was in the vehicle with her, suggested that she drive closer to the right edge of the road in order to avoid a hole in the road. Ms. Golden was unaware of how large the hole was as it had just started to rain. Jackelyn Golden stated that she had driven on that road about a week prior to the incident and that she had noticed several small holes, but not *205 the hole that the vehicle she was driving stack. Claimant’s vehicle struck the hole sustaining damage to the right front rim and tire. Claimant’s vehicle sustained damage totaling $421.36. Claimant’s insurance deductible was $100.00.
The position of the respondent i s that it did not have actual or constructive notice of the condition on W. Va. Route 105 at the site of the claimant’s accident for the date in question.
Sam DeCapio, a Highway Administrator II for the respondent in Hancock County, testified that he had no knowledge of any holes on W. Va. Route 105 in Weirton for the date in question or the days immediately prior. Mr. DeCapio stated that the first time that Ms office was made aware of tMs hole on W. Va. Route 105 was the morning after claimant’s accident when the Weirton Police Department contacted the office. After receiving the notice from the police, respondent sent a crew out to patch the hole. Respondent maintains that it had no actual or constructive notice of any holes on W. Va. Route 105 prior to claimant’s accident.
The well-established principle of law in West Virginia is that the state is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman us. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opimon that respondent had at least constructive notice of the hole wMch claimant’s veMcle struck and that the hole presented a hazard to the traveling public. Photographs in evidence depict the hole and provide the Court an accurate portrayal ofthe size and location of the hole on W. Va. Route 105. The size of the hole and its location in the travel portion of the highway on a Mgh priority road leads the Court to conclude that respondent had notice of this hazardous condition and had an adequate amount of time to take corrective action. Thus, the Court finds respondent negligent and claimant may make a recovery of her insurance deductible as damages in this claim.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opimon to and does make an award to the claimant in tMs claim in the amount of $100.00.
Award of $100.00.